UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-809 DDP (FFM) | | Date | June 25, 2009 |
|---|---|---|---|---|
| Title | JOEL ARAMENTA CASTILLO  v. ADAMS, WARDEN | | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None Present | | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On June 3, 2009, petitioner filed a motion to stay and hold this action in abeyance while he seeks to exhaust his claims in state court.  Petitioner asserts that he filed a state court habeas petition on February 10, 2009, which is prior to the filing of his petition herein.  A review of the petition which petitioner filed in this Court demonstrates that petitioner has not identified any claims in his current petition.  Moreover, as petitioner acknowledges, he is required to exhaust his remedies in state court before he presents his claims to a federal court in a habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed. 2d 1 (1999); *see* 28 U.S.C. § 2254(b)(1).

The Ninth Circuit has determined that the exhaustion requirement may not be satisfied where there is a pending post-conviction proceeding in state court, *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (*per curium*), because a federal habeas petitioner's conviction could be overturned by the state court "on some other ground, thereby mooting the federal question."  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  This principle applies whether or not the same claims presented in the federal court have been advanced in the state proceeding.  *See Schnepp*, 333 F.2d at 288.  In such an instance, a federal habeas petition is subject to dismissal without prejudice in light of the pending state proceeding.  Other courts in this circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending.  *See, e.g., Handcock v. Marshall*, 2007 WL 1521002, *1 (N.D. Cal. May 24, 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. May 17, 2007); *McCray v. San Mateo County Superior Court*, 2004 WL 1047998, *1 (N.D. Cal. May 5, 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-809 DDP (FFM) | Date | June 25, 2009 |
|---|---|---|---|
| Title | JOEL ARAMENTA CASTILLO v. ADAMS, WARDEN | | |

      Therefore, petitioner is ordered to show cause within 20 days of the date of this order why the instant petition should not be dismissed without prejudice pursuant to the *Sherwood* dismissal rule.

                                                                                                                  :

Initials of Preparer        JM